No. 2,087.

IN THE MATTER OF THE ESTATE OF JOHN T. LEWIS, DECEASED. — L. P. SAYE (Administrator), APPELLANT.

PROBATE COURT. — JURISDICTION. — The Probate Court has the power to compel the execution of the conveyance of land by an administrator, in conformity with a sale made under its order, and duly confirmed.

ESTATE OF DECEASED PERSONS. — PAYMENT OF PURCHASE MONEY AT AN ADMINIS- TRATOR'S SALE. — Where a mortgage creditor of an estate — there being no other debts — purchases the land mortgaged, at an administrator's sale, and credits the mortgage debt with the amount of his bid — less ten per cent., which was paid to the administrator — it was held to be full payment in discharge of his purchase.

APPEAL from the Probate Court of the City and County of San Francisco.

The case is stated in the opinion.

*Daniel Rogers*, for Appellant.

*First*—The Probate Court, as shown by its order, has assumed an equity jurisdiction, which neither the Constitution nor the laws have conferred upon it. Indeed, the proceedings in this case are nothing more than the specific performance of a contract; a jurisdiction conferred only upon the District Courts, except under Chapter IX, Probate Act.

*Second*—The appellant, as the administrator of the estate of Lewis, had a right to demand the payment *to him* of the purchase money, and it was no answer that Edwards had entered into an agreement with a third party, five years prior thereto, claiming that he was *thereby* absolved from the payment.

The appellant was under bonds for the proper appropriation and distribution of the funds of the estate, and it was his duty to receive and hold them until the Court made an order for the payment of the debts, as the circumstances of the estate required. (Probate Act, Sec. 243.)

*Campbell, Fox & Campbell*, for Respondent.

*First*—The Probate Court is not a Court of inferior or limited jurisdiction; it is a Constitutional Court, of equal dignity with the District Courts, and of full and unlimited jurisdiction within its sphere; a fair and liberal construction

is to be given to its proceedings, and the presumptions in its favor are as strong as in favor of the District Courts. Indeed, it is of such equal dignity with the District Court, that the two may have equal concurrent jurisdiction of the same matter. (*Pond* v. *Pond*, 10 Cal. —; *Stewart* v. *Allen*, 16 Cal. 503 ; Hittell's Digest, 1229 ; *Irwin* v. *Scriber*, 18 Cal. 499 ; *Townsend* v. *Gordon*, 19 Cal. 188 ; *Wilson* v. *Roach*, 4 Cal. 362 ; *Griggs* v. *Clark*, 23 Cal. 429.) We claim that this is a case of which the Probate Court has exclusive jurisdiction.

*Second*—Did the estate of Lewis receive the full amount of the bid for the land? We claim that that fact is shown beyond question, and further, that it is the only essential fact for us to convince this Court of, and that the agreement between Traube and respondent, or what were its terms, or whether it ever existed or not, are matters of utter indifference ; though, as the evidence was all admitted and received without objection in the Court below, the question cannot be raised here. The Probate Court had actual proof on its own records, of the fact of payment.

CROCKETT, J., delivered the opinion of the Court :

The only point raised on this appeal which merits discussion, is, whether the Probate Court had jurisdiction to order the administrator of Lewis to make the conveyance on the facts set forth in the statement on appeal. From this statement, it appears that the estate of Lewis was largely indebted to the estate of Traube, on three notes and mortgages, which were duly presented and allowed by the administrator and the Probate Judge ; and it does not appear that there were any other debts against the estate. It further appears that, in order to pay this debt and the expenses of administration, the administrator of Lewis procured an order of the Probate Court, for the sale of certain real estate belonging to the estate of Lewis, and including the lot in contest in this case ; that the sale was duly made, and the lot in contest was purchased, at said sale, by Edwards, at the price of $800, whereof he paid in cash, at the time of the

sale, the sum of $80; that the sale was duly confirmed by the Probate Court, but no conveyance has been executed by the administrator, to Edwards, and the object of this proceeding is to compel a conveyance. The administrator refuses to convey, on the ground that Edwards has neglected and refused to pay the remainder of the purchase money; and that the property, in the meantime, having greatly increased in value, the Court should vacate the order confirming the sale, and order the property to be resold for the benefit of the estate. The statement on appeal discloses, that Edwards held a mortgage on the property in dispute, made by Lewis, in his lifetime; and Traube held two prior mortgages, made by Lewis, on this and other property; that Edwards assigned his mortgage to Traube, on an agreement between them that the latter would proceed to foreclose it, and at the foreclosure sale, Edwards was to have the right to purchase the mortgaged premises at a price not exceeding $1,000; in which event, the purchase money was to be credited by Traube on the judgment of foreclosure; but if the property should sell for more than $1,000, at the foreclosure sale, Traube was to pay Edwards that amount out of the proceeds of the sale; that Traube commenced an action to foreclose the mortgage, but it was ascertained that Lewis had died before action brought, and it was thereupon abandoned, and the note and mortgage, together with the two other notes and mortgages held by Traube, were presented and allowed as claims against the estate of Lewis, as already stated. The Court finds it as a fact, and, as we think, upon sufficient evidence, that the $800 to have been paid by Edwards, as the price of the property, was "paid to, and received by, the estate of said Lewis, deceased, by being credited upon a claim of the estate of one Louis Traube, deceased, against the estate of said Lewis, deceased, which has been duly presented to, and allowed by, the said administrator and by this Court, under and in pursuance of a certain agreement in the premises, entered into by said Edwards and by said Traube, in his lifetime; and that the estate of said Lewis, deceased, thereby received the full benefit and advantage of said sum as bid, and that said

crediting thereof was equivalent to an actual payment thereof, in cash, by said Edwards, to said administrator." If Edwards had paid the $800 in cash at the time of the sale, it would have been the duty of the administrator to pay it immediately to the administrator of Traube, as a creditor, and, so far as the record shows, the only creditor of the estate of Lewis ; and it would, in like manner, have been the duty of the administrator of Traube to have paid the money back to Edwards. Instead of resorting to this cumbersome and useless form, the administrator of Traube credited the $800 on his demand, against the estate of Lewis ; and we agree with the Probate Court in the opinion that this credit "was equivalent to an actual payment thereof, in cash, by said Edwards, to said administrator." Viewing it in that light, no reason is perceived why Edwards is not entitled to a conveyance ; nor do we entertain the least doubt that the Probate Court had jurisdiction to inquire into the facts, and, on ascertaining that the purchase money was actually paid in the manner stated, to order the conveyance.

Judgment affirmed.

RHODES, C. J., expressed no opinion.